UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| COIL CHEM LLC<br>and<br>NOLES INTELLECTUAL PROPERTIES, LLC,<br>  PLAINTIFFS,<br><br>V.<br><br>DURACHEM PRODUCTION CO.<br>and<br>JAMES BUCK BRIGGS<br>  DEFENDANTS | Cause No. 7:19-cv-00225 ADA<br><br>JURY TRIAL DEMANDED |

**AGREED MOTION TO STAY LITIGATION IN LIGHT OF COVID-19 PANDEMIC**

Plaintiffs Coil Chem LLC and Noles Intellectual Properties, LLC ("Coil Chem") file this Agreed Motion To Stay Litigation In Light Of COVID-19 Pandemic and stay the litigation for six months for the following reasons.

Coil Chem filed the instant lawsuit against Defendants DuraChem Production Co. and James Buck Briggs ("DuraChem") for patent infringement and trade secret misappropriation causes of action.[1] The Court entered a Scheduling Order on February 27, 2020.[2] That Order provided that claim construction procedures begin April 10, 2020.[3] In the interim period, of course, the COVID-19 pandemic arose.

On April 13, 2020, DuraChem filed its Agreed Motion For Leave To Extend Time For Parties To Disclose Extrinsic Evidence And Identify Experts.[4] DuraChem explained that

---

[1]    Dkt. No. 6.
[2]    Dkt. No. 19.
[3]    *Id*.
[4]    Dkt. No. 26.

1

>Because of the ongoing COVID-19 pandemic and various emergency safety orders in place at the Federal, State, and local level, Defendants' counsel has generally been unable to meet with Defendants to review extrinsic evidence, meet and confer with expert(s), allow experts the opportunity to review the accused device, etc. since mid-March 2020. This has made compiling and reviewing evidence and extrinsic evidence with Defendants and experts exceedingly difficult, if not impossible.[5]

The Court granted DuraChem's Motion, extending the Scheduling Order deadlines leading up to, but not including, the scheduled Markman hearing by 39 days.[6] Since that time, the COVID-19 pandemic continues to cause havoc to Coil Chem's business and no real end is in sight. Accordingly, Coil Chem seeks a six month stay of all proceedings in this case.

Federal courts have already granted motions to stay or greatly extend litigation due to the COVID-19 pandemic.[7] In *Sudenga Indus. v. Global Indus.*[8], the court in a patent case stayed all pretrial proceedings including expert discovery "given the demands imposed by the COVID-19 pandemic."[9] Of course a district court has the inherent power to issue a stay of litigation to control the disposition of its cases with "economy of time and effort for itself, for counsel, and for litigants."[10] Good cause certainly exists given the ongoing severity of the COVID-19 crisis and the difficulty Coil Chem and its counsel have in coordinating and communicating for advancing this case.[11] For safety reasons, it has also been infeasible for Coil Chem to obtain access to and

---

[5]  *Id.* at 2.
[6]  April 14, 2020 Text Order. DuraChem's Agreed Motion originally sought an extension of 45 days, but otherwise the Court granted DuraChem's Agreed Motion.
[7]  *E.g., U.S. ex rel. Bruno v. Schaeffer*, No. 16-1-BAJ-RLB, 2020 U.S. Dist. LEXIS 72603 at *12-13 (M.D. La. Apr. 24, 2020); *Bryant v. Boyd*, No. 1:18-cv-117-SEP, 2020 U.S. Dist. LEXIS 53618 (E.D. Mo. Mar. 27, 2020); *Life Time, Inc. v. Cherrish Corp.,* No. 19-cv-2651-JNE-KMM, 2020 U.S. Dist. LEXIS 52685 (D. Minn. Mar. 26, 2020)
[8]  No. 18-2498-DDC, 2020 U.S. Dist. LEXIS 69333 (D. Kan. Apr. 20, 2020).
[9]  *Id.* at *3.
[10]  *Ambraco Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009) citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).
[11]  Fed. R. Civ. P. 6(b)(1)(A).

evaluate extrinsic evidence in support of its claim construction positions.[12]  Unfortunately, this stay will require a new scheduling order to reschedule, among other things, the Markman hearing. But here, given the near unprecedented conditions at issue here, that is appropriate.

In conclusion, the parties respectfully asks the Court to grant this Agreed Motion For Stay Of Litigation In Light Of COVID-19 Pandemic and stay all proceedings in this case for six months.

Respectfully submitted,

**Ramey & Schwaller, LLP**

By: /s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (713) 426-3923
Facsimile: (832) 900-4941
wramey@rameyfirm.com
**ATTORNEYS FOR COIL CHEM, LLC AD NOLES INTELLECTUAL PROPERTY, LLC**

---

[12] Previously, DuraChem argued it was experiencing similar difficulties in moving for a 45 day extension of time.  Dkt. No. 26 at 2-3.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 14, 2020, a true and correct copy of the forgoing has been forwarded to all counsel of record via ECF filing in accordance with the Federal Rules of Civil Procedure:

Anthony L. Laporte
Kent M. Hanszen
Matthew S.C. Hansel
14201 Memorial Dr.
Houston, TX 77079-1729
Tel:  (713) 522-9444
Fax:  (713) 524-2580
alaporte@hanszenlaporte.com
khanszen@hanszenlaporte.com
mhansel@hanszenlaporte.com
**ATTORNEYS FOR DURACHEM PRODUCTION SERVICES, LLC AND JAMES BUCK BRIGGS**

By: /s/ William P. Ramey, III
William P. Ramey, III

## CERTIFICATE OF CONFERENCE

On May 12, 2020, the undersigned counsel conferred with Plaintiffs' counsel Matthew Hansel of Hanzen LaPorte and they are in agreement.

By:  /s/ Donald Mahoney III
Donald Mahoney III